# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **NVR, Inc.,** | ) | |
| Plaintiff, | ) | |
| **v.** | ) | **Case No.: N24J-01786 FJJ** |
| **Zachary J. Pearce,** | ) | |
| Defendant, | ) | |
| *and* | | |
| | | |
| **NVR, Inc.,** | ) | |
| Plaintiff, | ) | |
| **v.** | ) | **Case No.: N24J-02658 FJJ** |
| **Zachary J. Pearce and Robin Pearce,** | ) | |
| Defendants, | ) | |

## ORDER
### *On Defendant Zachary Pearce's Motion For Reargument*

Having considered Defendant, Zachary J. Pearce's Motion for Reargument it appears to the Court that:

1.     On February 25, 2026 this Court issued an Opinion and Order denying Defendant Zachary Pearce's Motion to Vacate Two Confessed judgments under Superior Court Civil Rule 60(b) .

2.     On February 26, 2026 Defendant filed a Motion for Reargument.  First, Pearce contends that this Court misapprehended the legal effect of the December 8, 2025 Delaware Court of Chancery decision

in *NVR, Inc. v Spring Oaks Development Purchaser, LLC.*[1] Second, Pearce raises for the first time that the confessed judgment against him is invalid because of the absence of a personal guarantee and the lack of any consideration flowing to him personally.

3.    The purpose of moving for reargument is to seek "reconsideration of findings of fact, conclusions of law, or judgment of law." "Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision." "A motion for reargument should not be used merely to rehash the arguments already decided by the court." To the extent the moving Defendants asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument. A court cannot "re-weigh" evidence on a motion for reargument.

4.    In its February 25, 2026 this Court laid out the reasons for the legal effect of the Court of Chancery decision. That decision involved different legal entities and different developments. The Court did not

---

[1] 2025 WL 3515356 (Del.Ch. 2025).

misapprehend the facts or the law.

5.     For the first time Defendant attacks the validity of the confessed judgment on the merits. This request is untimely and on that basis alone it is denied. Even if timely Defendant's arguments does not prevail. Plaintiff has demonstrated that Defendant actually signed a personal guarantee copies of which were attached as exhibits to both complaints. The fact that a personal guarantee was required and given to obtain the loan is sufficient consideration for each confessed judgment. As to this issue the Court has not misapprehended the facts or the law.

For the foregoing reasons Defendant Zachary Pearce's Motion for Reconsideration be and hereby is **DENIED** this 6th day of March, 2026.

**IT IS SO ORDERED**.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:   File&ServeXpress

3